IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,         )
                                  )
         v.                       )  No. 04 CR 0986
                                  )
DERRICK MOSLEY                    )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Derrick Mosley's ("Mosley") motion to dismiss Counts 1 and 3 of the indictment. For the reasons stated below, we deny the motion to dismiss.

## BACKGROUND

Mosley was indicted in a four count indictment in February 2005, on two counts of extortion under 18 U.S.C. § 875(d) ("Section 875(d)") and on two counts of wire fraud under 18 U.S.C. § 1343 ("Section 1343"). In the indictment, the Government alleges that on or about November 3, 2004, continuing on or about November 12, 2004, Mosley made a series of telephone calls to the business manager of Individual A, who is referred to in the indictment as "RW" ("RW"), in an attempt to extort money from Individual A. Specifically, the Government asserts that Mosley wanted Individual A, through RW, to pay between $1,000 and $20,000

1

in order for Mosley to turn over to Individual A a video tape of Individual A in a "compromising situation." (Ind. Par. 6). The Government also alleges that Mosley met with RW in person in Chicago to discuss payment in exchange for the video tapes.

## DISCUSSION

Mosley first argues that Count 1 of the indictment should be dismissed for multiplicity because "the government has charge[d] in separate counts what amounts to a single offense." (Mot. 2). Under the Double Jeopardy clause of the Fifth Amendment, no defendant can be subjected to multiple punishments for the same criminal act. U.S. CONST. AMEND. V. According to the Seventh Circuit, this means "that the government may not charge a single offense in several counts." *United States v. Snyder*, 189 F.3d 640, 646 (7th Cir. 1999); *see also United States v. Song*, 934 F.2d 105, 108 (7th Cir. 1991)(stating that "[a] claim of multiplicity alleges that separate counts of an indictment charge a single offense"). To determine whether an indictment violates this doctrine, courts must be "guided by legislative intent." *Id.*; *see also* Sanabria v. United States 437 U.S. 54, 70 (1978)(stating that "[w]hether a particular course of conduct involves one or more distinct "offenses" under [a] statute depends on . . . congressional choice"). If the legislature intended to have the separately-charged acts each constitute a distinct criminal act, then charging each act separately offends neither the Fifth Amendment nor the doctrine of multiplicity. However, if the legislature intended several acts to be considered part of one

2

transaction for purposes of charging and sentencing, the Government may not break criminal activity into smaller parts for "the purpose of multiple punishments or multiple prosecutions." *See United States v. Castro*, 629 F.2d 456, 461 (7th Cir. 1980)(providing several factors for a court to look at "[t]o determine whether a conspiracy has been subdivided arbitrarily, resulting in multiple indictments for a single illegal agreement").

Mosley argues that "the threat in [Counts 1 and 2] is exactly the same." (Mot. 4). Counts 1 and 2 charge Mosley with violations under Section 875(d), which states that:

> Whoever, with intent to extort from any person, firm, association, or corporation, any money or other thing of value, transmits in interstate or foreign commerce *any* communication containing *any* threat to injure the property or reputation of the addressee or of another or the reputation of a deceased person or any threat to accuse the addressee or any other person of a crime, shall be fined under this title or imprisoned not more than two years, or both.

18 U.S.C. § 875(d) (emphasis added). In Count 1, Mosley is charged with a series of communications to RW from on or about November 3, 2004, through on or about November 9, 2004. In Count 2, Mosley is charged with a series of communications with RW from on or about November 10, 2004, through on or about November 12, 2004. Even if the threat communicated by Mosley in each of these communications was the same, charging these activities separately does not offend the doctrine of multiplicity. Section 875(d) criminalizes "*any* communication containing *any* threat." It is the act

3

of communicating the threat that is criminalized, not the overall scheme. The Government therefore can charge separate counts in the indictment under Section 875(d) for separate threatening communications. The Government's action does not implicate the Fifth Amendment in any way. Therefore, Mosley's motion to dismiss Count 1 is denied.

Mosley next argues that the court should dismiss Count 3 for multiplicity because "counts 3 and 4 could subject defendant Mosley to double punishment for the exact same act." (Mot. 5). Counts 3 and 4 of the indictment charge Mosley with violations under Section 1343. Count 3 focuses on a series of communications between Mosley and RW, dating from on or about November 3, 2004, through on or about November 9, 2004, that the Government alleges were part of a "wire scheme" to defraud Individual A of money. (Ind. 8). Count 4 charges Mosley with a scheme to defraud Individual A of money from on or about November 10, 2004, through November 12, 2004, under the same "manner and means" as Count 3. (Ind. 12). We conclude that it would not be in the interest of justice and the efficient administration of the judicial proceedings to resolve this issue at this juncture on the eve of trial. Mosley will not suffer any prejudice if one additional count that may or may not be consolidated at sentencing, if any, remains in the indictment at trial. In our discretion, we deem it appropriate to address this issue at a sentencing, if necessary. *See Ball v. United States*, 470 U.S. 856, 867 (1985)(indicating that the remedy for convictions and

sentences on multiplicitous charges is usually to vacate one of the two sentences when the issue of multiplicity is raised for the first time after conviction and that "where the *sentencing* responsibility resides, to exercise its *discretion* to vacate one of the underlying convictions")(emphasis added); 1A CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 145(stating that a multiplicitious indictment "is not fatal [but that the] Defendant may move to have the prosecution [choose to have the charges] consolidated and all but the one [remaining charge] dismissed" at the discretion of the court). Therefore, we deny Mosley's motion to dismiss Count 3 for multiplicity.

## CONCLUSION

Based on the foregoing analysis, we deny the motion to dismiss in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 28, 2005

5