# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 04 CR 986 |
| DERRICK MOSLEY | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Derrick Mosley's ("Mosley") motions in limine. These motions include a motion to bar certain statements, a "Motion to Prevent Government From Referring to Witnesses Rufus Williams or Deleon Richards Sheffield as Victims," and a "Motion to Prevent Government From Using Defendant's Prior Convictions to Impeach him should He Testify." This matter is also before the court on the Government's motion to exclude testimony of certain witnesses.

1

## DISCUSSION

### I. Mosley's Motion to Bar Statements

Mosley is seeking the suppression of statements he made to Federal Bureau of Investigation ("FBI") agents after his arrest but before he was given *Miranda* warnings, including a statement in which Mosley "advised [the FBI] that he already destroyed the tape" involved in this case. (Mot. Ex. A 1, Resp. Ex. A 1) The Supreme Court and the Seventh Circuit have stated that "statements made during *custodial interrogation* by a person who has not been informed of, and waived, his privilege against compulsory self-incrimination (and the right to counsel designed to facilitate its invocation) are inadmissible in criminal proceedings." *U.S. v. Peterson*, 414 F.3d 825, 828 (7th Cir. 2005)(emphasis added). Custodial interrogation has been defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966); *see also A.M. v. Butler*, 360 F.3d 787, 795 (7th Cir. 2004)(stating that "[i]n determining whether a person is "in custody," the question is whether, examining the totality of the circumstances, a reasonable person in the petitioner's position would have felt "at liberty to terminate the interrogation and leave"). Interrogation, for purposes of *Miranda*, means "questioning or its functional equivalent." *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980). In other words, "the term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police

(other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id.*

In the instant action, the FBI log of events, attached to both Mosley's motion and the Government's response, stated that at 5:50 a.m. on November 15, 2004:

> Mosley [was] arrested without incident . . . . Mosley [was] asked to allow agents to consent to search the residence for a video tape containing [certain sexual images.] Mosley refused to give agents consent to search the residence, and advised that he already destroyed the tape.

(Mot. Ex. A 1, Resp. Ex. A 1). The FBI log of events also shows that Mosley was given *Miranda* warnings at 6:40 a.m., at which time Mosley waived his *Miranda* rights and "indicat[ed] that he would speak to agents without a lawyer present." (*Id.*). Mosley claims that he made a statement regarding the video tape "while in custody of the agents [and after] the agents deliberately elicited information from the defendant." (Mot. 1). Mosley also claims that he was arrested pursuant to an arrest warrant and that the statement in question was made after his arrest. (Mot. 1).

Clearly, placing Mosley under formal arrest is sufficient to find that he was in custody. However, nothing in the record or in the FBI log of events indicates that Mosley was interrogated by the FBI regarding the video tape before he made the statement in question. Instead, the record indicates that the FBI simply asked for consent to search Mosley's house, a request that is often "attendant to arrest" and thus entirely appropriate under *Miranda*. *Innis*, 446 U.S. at, 300-01. Thus the record shows that Mosley's statement was made while Mosley was not being interrogated.

3

Any statements made by Mosley after the FBI's request to search the house were made voluntarily and, therefore, we deny Mosley's motion to suppress the pre-*Miranda* statement.

## II. Mosley's Motion to Prevent Government from Referring to Witnesses as Victims

Mosley is also moving to prevent the Government from referring in front of the jury to witnesses Rufus Williams and Deleon Richards-Sheffield as victims. The Government has stated that it has no objection to refraining from referring to these witnesses as victims during this trial, except for in the Government's closing argument. (Resp. 4). The Seventh Circuit has stated that a "closing argument violates the Constitution only if the closing argument 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Splunge v. Parke*, 160 F.3d 369, 375 (7th Cir. 1998)(citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Mosley provides no reasons to the court to find that referring to these witnesses in the Government's closing arguments would actually prejudice Mosley in any way, especially given the fact that the jury is warned in all criminal trials that closing arguments are not to be considered evidence. Therefore, Mosley's motion is denied to the extent that Mosley is seeking to prevent the Government from referring to these two witnesses as victims in the Government's closing arguments, and denied as moot to the extent that Mosley is seeking to prevent the Government from calling the witnesses victims in the rest of the trial.

### III. Mosley's Motion to Prevent Use of Prior Convictions

Mosley is also moving to bar the Government from using Mosley's prior convictions to impeach him if Mosley decides to take the stand. Federal Rules of Evidence Rule 609 ("Rule 609") provides that "for purposes of attacking a defendant's credibility, evidence that the defendant has been convicted of a crime punishable by death or imprisonment in excess of one year shall be admitted if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the defendant." *United States v. Smith*, 131 F.3d 685, 687 (7th Cir. 1997). Rule 609 also allows the introduction of "evidence that any witness has been convicted of a crime . . . if it involved dishonesty or false statement, regardless of the punishment." Fed. R. Evid. 609.

Mosley's motion states that he has been convicted of "bank fraud, deceptive practices, theft, criminal damage to property and battery." (Mot. 3). Clearly bank fraud, and deceptive practices are crimes involving "dishonesty or false statements[s]" that are automatically admitted for impeachment purposes under Rule 609, regardless of the sentence Mosley received for these crimes. However, Mosley has not given any information regarding his conviction for theft in order for the court to determine whether it should be considered a crime of dishonesty. *See United States v. Owens*, 145 F.3d 923, 927 (7th 1998)(stating that some theft crimes will be considered crimes of dishonesty for purposes of Rule 609, while others are not). Mosley has also failed to give the court any information regarding the punishment he

received for any of his prior convictions, which is necessary for the court to determine the admissibility of this evidence under Rule 609 and thus Mosley has failed in his burden as the movant. Therefore, we deny Mosley's motion to prohibit the use of his prior convictions as impeachment evidence.

IV. Government's Motion to Exclude Witnesses

The Government requests that the court bar the testimony of Assistant United States Attorney Virginia Kendall ("Kendall") and DeLeon Richards-Sheffield ("Richards-Sheffield"). Pursuant to Federal Rule of Evidence 611, a court must "exercise reasonable control over the mode and order of interrogating witnesses . . . so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611. Also, pursuant to Federal Rule of Evidence 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Kendall's testimony would not have any relevance in the instant action. During this action, Mosley filed a motion to dismiss based upon alleged prosecutorial misconduct on Kendall's part. We denied the motion to dismiss, finding that there was no prosecutorial misconduct, that Mosley's claims against Kendall were totally

6

unsubstantiated and frivolous. We also found that Kendall's conduct as a prosecutor was completely proper and that her statements during the early stages of these proceedings were reasonable and supported by evidence. Any testimony by Kendall would have no bearing on the merits in this case that will be addressed at trial. If we were to allow Mosley to call Kendall as a witness it would only confuse the jury and prejudice the Government. In addition, Mosley's response fails to provide any justification to require Kendall to testify. Therefore, we grant the Government's motion to bar testimony by Kendall.

We also find that testimony by Richards-Sheffield would not have any probative value, would be irrelevant, and would prejudice the Government. Additionally, if Richards-Sheffield were forced to testify about the events portrayed on the video in question, she would suffer undue embarrassment and harassment on the stand. Mosley is charged in this case with extortion. Whether the video in question actually existed or whether persons on the video actually performed the acts portrayed is entirely irrelevant. The only relevance of the alleged video is whether it was a part of Mosley's alleged extortion scheme. Any testimony by Richards-Sheffield about the subject matter on the video would only mislead and confuse the jury regarding the pertinent issues that they must address in order to make a finding of guilty or not guilty on the charges. Therefore, we grant the Government's motion to bar testimony by Richards-Sheffield.

## CONCLUSION

Based on the foregoing analysis, we deny Mosley's motions in limine and grant the Government's motion in limine.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 3, 2005