# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.    ) | No. 04 CR 0986 |
| ) | |
| DERRICK MOSLEY ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Derrick Mosley's ("Mosley") motion for leave to proceed at trial *pro se*. This case was set for trial on November 7, 2005. At the pre-trial hearing on November 3, 2005, Mosley's counsel, Mr. Petro ("Petro"), informed the court that Mosley desired to proceed *pro se* at trial. Afterwards, on November 3, 2005, the court conducted a hearing in accordance with *Faretta v. California*, 422 U.S. 806 (1975).

The Seventh Circuit has stated that in order to determine whether a criminal defendant can proceed *pro se*, a court needs to decide whether the "defendant's decision to proceed *pro se* was "knowing and informed." In making the determination, the court must: "(1) . . . conduct[] a formal hearing into the

1

defendant's decision to represent himself; (2) [consider] other evidence in the record that establishes whether the defendant understood the dangers and disadvantages of self-representation; (3) [consider] the background and experience of the defendant; and (4) [consider] the context of the defendant's decision to waive his right to counsel." *United States v. Todd*, 424 F.3d 525, 530-31 (7th Cir. 2005).

At the hearing, the court attempted to advise Mosley of his right to counsel and the ramifications of proceeding *pro se*. Throughout the hearing, Mosley was argumentative, interrupted the court, and attempted to interject side issues in order to avoid directly responding to the court's questions. Mosley's conduct during the hearing is consistent with his prior conduct in this matter and he has been argumentative and disruptive in proceedings before the court on prior occasions. Mosley also attempted to avoid answering questions at the hearing and to delay the proceedings, which is consistent with his prior conduct regarding his several requests for new counsel that resulted in extensions of the trial. Mosley's current counsel, attorney Petro is his seventh counsel in this case. On October 26, 2005, this court denied Petro's motion to withdraw. During the hearing on the request of Mosley to proceed *pro se*, Mosley equivocated our whether he is waiving his right to counsel and mentioned that he might get new retained counsel, thereby attempting to circumvent the court's order denying Petro's motion to withdraw and delay the trial once again.

Mosley also was disrespectful to the court, referring to the court at one point

as "obtuse." A criminal defendant's "right to self-representation is not absolute." *United States v. Brock*, 159 F.3d 1077, 1079 (7th Cir. 1998). A criminal defendant is not entitled to proceed *pro se* if the defendant "deliberately engages in serious and obstructionist misconduct." *Id.* (stating that "trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case"). The Seventh Circuit has explained that "savvy criminal defendants have learned to manipulate the system by withdrawing requests for self-representation at the eleventh hour (or, as here, in midstream) in order to cause delay." *United States v. Tolliver*, 937 F.2d 1183, 1187 (7th Cir. 1991). A trial court that is presented with such a "savy criminal defendant[]" "[o]n one hand . . .is hard-pressed to deny the aid of counsel to a defendant who initially seeks to represent himself but later declares himself legally incompetent to proceed any further, . . . and on the other hand, the last minute grant of a continuance can cause serious inconvenience to judge, jury, opposing counsel, witnesses, and other litigants." *Id.* Based upon the record and Mosley's testimony at the hearing, it is clear that Mosley has consistently been disruptive and has obstructed the proceedings. The court has already extended the trial date twice at Mosley's request.

During the hearing, while the court advised Mosley of the ramifications of proceeding *pro se*, Mosley indicated his desire to have the assistance of an advisor to assist him during the trial. Later in the hearing, Mosley indicated his desire to have

3

one or more legal counsel to assist him during the trial. The court explained to Mosley the problems associated with serving as his own counsel and the problems associated with calling himself as a witness if he decides to take the stand. Mosley stated that if that occurs, he would hope to have legal counsel to ask him questions on the stand, thereby acknowledging that he seeks co-counsel to assist in the questioning, rather than merely a detached advisor. The Seventh Circuit has made it clear that "hybrid representation, in which a defendant serves as co-counsel during the course of trial" is "prohibited." *United States v. Kosmel*, 272 F.3d 501, 506 (7th Cir. 2001). Mosley indicated at the hearing that on the one hand he wanted to proceed *pro se* and conduct his defense at trial on his own, but then be able to call upon legal counsel to assist him at trial when he desires. Such a hybrid form of representation is not warranted in this action and Mosley is not entitled to such a form of representation. The Seventh Circuit has made it clear that "[r]epresentation by counsel and self-representation are mutually exclusive entitlements, . . .[and] the sixth amendment does not create a right to hybrid representation." *Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992). Therefore, Mosley indicated on his own at trial that the type of representation that he desires is a hybrid form of representation that is not allowed.

Finally, "a demand to proceed *pro se* must be unequivocal." *United States v. Oakey*, 853 F.2d 551, 553 (7th Cir. 1988). During the hearing, when the court attempted to ascertain whether Mosley's request to proceed *pro se* was voluntary and

whether it was Mosley's desire to waive his right to counsel, Mosley refused to provide a direct answer in the affirmative or negative. Instead, he interjected other issues that were not before the court and made accusations against his appointed counsel, others, and the court. After the court made several attempts to explain to Mosley that the court needed to find out if Mosley was voluntarily waiving his right to counsel, Mosley refused to give a direct answer. Mosley failed to unequivocally make a demand to proceed *pro se*. In conclusion, in addition to all of the above analysis, the undisputed fact is that Mosley requested to proceed *pro se*, yet at the conclusion of the hearing he refused to indicate whether he was waiving his right to counsel. Therefore, based upon all of the above, we deny Mosley's request to proceed *pro se* at trial.

## CONCLUSION

Based on the foregoing analysis, we deny Mosley's motion for leave to proceed *pro se*.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 3, 2005

5