

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v.  )<br>)<br>DERRICK MOSLEY,  )<br>) | No. 04 CR 986 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Derrick Mosley's ("Mosley") motion for the entry of a judgment of acquittal and a motion in the alternative for a new trial. For the reasons stated below, we deny the motion in its entirety.

## BACKGROUND

On November 7, 2005, a jury trial began in this action. On November 14, 2005, the jury returned a verdict of guilty on all counts. Mosley now requests that the court either vacate the jury's verdict and enter a judgment of acquittal, or in the alternative to grant Mosley a new trial.

1

## LEGAL STANDARD

Federal Rule of Criminal Procedure 29 provides, in part, the following:

(c) After Jury Verdict or Discharge.

(1) Time for a Motion. A defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later.

(2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.

(3) No Prior Motion Required. A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making

(d) Conditional Ruling on a Motion for a New Trial.

(1) Motion for a New Trial. If the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed. The court must specify the reasons for that determination.

Fed. R. Crim. P. 29. A court should only enter a judgment of acquittal "if there is insufficient evidence to sustain the jury's findings" and "[u]nder this standard, a trial judge should reverse a jury verdict only if, viewing the evidence in the light most favorable to the prosecution, the record contains no evidence on which a rational jury could have returned a guilty verdict." *United States v. Murphy*, 406 F.3d 857, 861 (7th Cir. 2005). Federal Rule of Criminal Procedure 33 ("Rule 33") provides, in part, the following:

(a) Defendant's Motion. Upon the defendant's motion, the court may vacate

any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

Fed. R. Crim. P. 33(a). A Rule 33 motion should "not to be granted lightly." *United States v. Morales*, 902 F.2d 604, 605-06 (7th Cir. 1990)(stating that "if the judge believes there is a serious danger that a miscarriage of justice has occurred-- that is, that an innocent person has been convicted--he has the power to set the verdict aside, . . . even if he does not think that he made any erroneous rulings at the trial").

## DISCUSSION

In the instant motion, Mosley provides an extensive list of errors allegedly made by the court, but we note that Mosley fails in virtually every instance to explain the bases for his objections and provides vague explanations, such as that his "due process rights" were violated. (Mot. Par. 7). For instance, Mosley alleges that "[t]he government failed to prove beyond a reasonable doubt that DERRICK Mosley committed extortion" and that "defendant's Rule 29 Motion was improperly denied by the court." (Mot. 2). Mosley offers nothing more than his conclusory statements to justify his request for an acquittal or a new trial. Mosley also repeatedly argues that an evidentiary hearing was required in certain instances, but fails to offer any explanation for why a hearing was warranted other than Mosley believes it to be so.

3

Mosley contends that the instant motion is intended to merely "offer a brief outline of the various points justifying a Judgment of Acquittal and/or a new trial." (Mot. 1). Mosley also seeks to incorporate by reference "all arguments made in open court and in the memoranda submitted to the Court." (Mot. 1-2). However, if Mosley believed that he is entitled to an acquittal or a new trial he, as the movant, was obligated to provide the court with a detailed explanation of the bases for his request. Mosley also cannot simply refer the court to every past filing and the entire court transcript of these proceedings in search of possible arguments and evidence to support Mosley's positions. Mosley's motion can be denied in its entirety simply based upon the incomplete and cursory nature of the motion. However, notwithstanding the shortcomings of the motion, we have reviewed the motion in its entirety and find that no meritorious arguments are contained therein.

Mosley first argues that the government failed to prove its case beyond a reasonable doubt. Mosley offers no elaboration for this claim other than his bare opinion. We have reviewed the entire record and conclude that Mosley has not shown that the government failed to prove Mosley guilty beyond a reasonable doubt.

Mosley also argues that the court erred by denying his motion to dismiss the indictment based upon the alleged multiplicity of counts. We properly concluded that the multiplicity issue could be addressed at sentencing. The Double Jeopardy

Clause of the Fifth Amendment protects a defendant from "cumulative punishments for convictions on the same offense, [but,] the Clause does not prohibit the State from prosecuting [the defendant] for such multiple offenses in a single prosecution." *McCloud v. Deppisch*, 409 F.3d 869, 873 n.3 (7th Cir. 2005)(quoting *Ohio v. Johnson*, 467 U.S. 493, 499 n.8 (1984)). In the instant action, there were merely two counts in question, Counts 3 and 4, that Mosley contended should be only one count and thus possibly one additional count was presented at trial and Mosley was not prejudiced at trial by the additional count. Therefore, the court did not err in regard to the multiplicity issue.

Mosley also argues that the court erred by denying his motion in limine barring the use of statements taken after his arrest and before the reading of his *Miranda* rights. On November 3, 2005, the court denied Mosley's motion to bar regarding this issue. Mosley contends that the court erred by failing to hold an evidentiary hearing. However, in the motion to bar filed on November 2, 2005, Mosley did not request an evidentiary hearing. When ruling on a motion to suppress evidence, a court must conduct an evidentiary hearing "only when the party requesting the hearing identifies a significant, disputed factual issue that must be resolved." *United States v. Martin*, 422 F.3d 597, 602-03 (7th Cir. 2005). Mosley did not, prior to trial, identify any such significant factual issue that was disputed

that would have warranted an evidentiary hearing and the instant motion offers nothing more than Mosley's conclusory statement that "an evidentiary hearing was required...." (Mot. 3). Therefore, the court did not err in not holding an evidentiary hearing.

Mosley also argues that the court erred by granting the government's motion to bar the testimony of Deleon Richards-Sheffield ("Richards-Sheffield"). We properly found that testimony by Richards-Sheffield would cause undue embarrassment to her. We also properly concluded that the testimony of Richards-Sheffield, the victim of the alleged crime, had no relevance in this action, would prejudice the government, and would only confuse the jury regarding the pertinent issues at trial. Therefore, the court did not err in barring the testimony of Richards-Sheffield.

Mosley also contends that the court erred in denying his two *ex parte* requests for the appointment of investigative assistance. Mosley provides absolutely no explanation for his conclusion, other than a vague reference to the fact that the court's decision prejudiced his due process right to a fair trial. We provided a detailed analysis in our rulings denying Mosley's requests on August 31, 2005, and September 22, 2005. Mosley has not shown that any conclusion made in those rulings were made in error.

Mosley also argues that the court erred in denying Mosley's motion for recusal. Mosley contends that the court should have conducted an evidentiary hearing. Mosley provides no legal basis or support for his position, other than that he believes that it was warranted. Mosley has not pointed to any significant fact in dispute that needed to be resolved by an evidentiary hearing or any material matter that could not be resolved based solely on the record before the court. Therefore, the court did not err in denying Mosley's motion for recusal without holding an evidentiary hearing.

Mosley argues that the court erred by allowing the government to play in its case-in-chief during trial, government exhibits 5G and 5G-1, which included voicemails of a secretary. Mosley argues that the conversations on the tapes were hearsay. However, the statements on the tapes were not offered to prove the truth of the matters asserted therein. The tapes were merely offered to show that Mosley had contacted or attempted to contact certain persons by phone at certain times, and the tapes were not introduced to show that the substance spoken in the conversations contained accurate information. Also, Mosley has not disputed the fact that defense counsel did not object to the exhibits until after they were admitted into evidence.

Mosley argues that the court erred in denying his request for NDIL Pattern Instruction Number 3.02, which addressed evidence of statements made by Mosley.

We properly concluded that the instruction was unnecessary and would only have served to confuse the jury when applying the instruction to the facts of this case. All of the essential guidance needed for reviewing the evidence was covered in the court's instructions.

Mosley argues that the court erred by allegedly allowing the government to shift the burden of proof to Mosley during closing arguments. Mosley claims that the government stated that Mosley "has not proven it's [sic] case." (Mot. 6). First, Mosley has failed to provide any citation to the record. Second, the court instructed the jury that the closing arguments were not evidence and were merely the parties' belief as to what the evidence showed. The court clearly instructed the jury in its instructions that the burden of proof was upon the government.

Mosley finally resorts to a variety of catchall conclusory arguments, contending simply that the court "erred in denying defendant's Rule 29 Motion for Judgment of Acquittal as stated in the official transcript." (Mot. 6). Mosley also seeks to incorporate all arguments contained in his pretrial motions and argues that the "combination of errors deprived the defendant of his right to due process and mandates a new trial." (Mot. 6-7). We disagree. Mosley has not pointed to any error by the court before or during trial and he has not pointed to any circumstances that would warrant a new trial. Therefore, we deny Mosley's motion in its entirety.

## CONCLUSION

Based on the foregoing analysis, we deny Mosley's motion for the entry of a judgment of acquittal and his motion in the alternative for a new trial in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 18, 2006