# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 04 CR 986 |
| | ) | |
| DERRICK MOSLEY. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

Defendant Derrick Mosley has filed objections to certain information contained in the pre-sentence investigation report that the court has ordered for purposes of sentencing. The government did not file a response to the Defendant's objections, and stated in open court that it agrees with the information in the pre-sentence investigation report. According to the Seventh Circuit, "Federal Rule of Criminal Procedure 32(c)(3)(D) provides that when a defendant alleges inaccuracies in the presentence report, the sentencing court must make written findings as to the allegations or a written determination that the disputed matters will not be relied on for sentencing [which must] be attached to the presentence report." *United States v. Reynolds,* 801 F.2d 952, 957-58 (7th Cir. 1986).

Defendant objects to lines 135 through 149 on page 5 of the pre-sentence report, which contain certain statements made by Assistant United States Attorney

1

Butler. The court finds that the allegations and Defendant's activities contained therein do not bear the necessary relation to the convicted offenses. Accordingly, the court will not rely on or consider the information contained in lines 135 through 149 in sentencing the defendant.

Defendant also objects to lines 166 and 177 on pages 5 and 6 of the pre-sentence report, which state that Defendant filed a motion for acquittal alleging prosecutorial misconduct. Defendant, however, did not file a motion for acquittal in May 2005, but filed a motion to dismiss the indictment. Therefore, the record will reflect that Defendant's May 2005 motion was not for acquittal but was a motion to dismiss the indictment.

Defendant objects to lines 169 through 171 on page 6 of the pre-sentence report, arguing that these lines are not an accurate statement of the evidence at trial. Contrary to Defendant's assertion, the statement contained in lines 169 through 171 do not relate to evidence at trial. The statement is simply what the Assistant United States Attorney Butler believes that Defendant attempted to do in filing the motion to dismiss the indictment. Therefore, the Defendant has not provided a basis for the court to strike lines 169 through 171.

Defendant also objects to lines 423 through 441 on pages 14 and 15 of the pre-sentence report, relating to an investigation conducted by the Country Club Hills police department into alleged criminal activity by Defendant. The information contained in these lines does not relate to a conviction or an arrest, but instead

relates to an alleged incident and statements by various individuals. In any event, the alleged activities do not bear the necessary relation to the convicted offenses. Therefore, the court will not rely on or consider the information contained in lines 423 through 441 in sentencing the defendant.

Defendant objects to lines 442 through 459 on page 15 of the pre-sentence report, relating to gambling-related allegations made against Defendant. The information contained in these lines does not relate to a conviction or an arrest. In any event, the alleged activities do not bear the necessary relation to the convicted offenses. Accordingly, the court will not rely on or consider the information contained in lines 442 through 459 in sentencing the defendant.

Finally, Defendant objects to lines 460 through 477 on pages 15 through 16 of the pre-sentence report, relating to allegations made against Defendant by an employee of a car dealership. The information contained in these lines does not relate to a conviction or an arrest. In any event, the alleged activities are not a part of the same course of conduct as the charged offenses or of a common scheme or plan including the charged offenses. Therefore, the court will not rely on or consider the information contained in lines 460 through 477 in sentencing the defendant.

## CONCLUSION

For reasons stated above, the court will not rely on or consider for purposes of sentencing the information contained in lines 135 through 149, lines 423 through

441, lines 442 through 459, and lines 460 through 477 of the pre-sentence investigation report. The record will reflect the correct terminology that the Defendant filed a motion to dismiss in May 2005, as opposed to a motion for acquittal. The Defendant has not provided a basis for the court to strike lines 169 through 171.

                                    _____
                                    Samuel Der-Yeghiayan
                                    United States District Court Judge

Dated: January 18, 2006